**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jose Francisco Puentes,<br><br>　　　　Petitioner,<br><br>v.<br><br>Charles L Ryan, et al.,<br><br>　　　　Respondents. | No. CV-17-01895-PHX-SPL (JZB)<br><br>**REPORT AND RECOMMENDATION** |

TO THE HONORABLE STEVEN P. LOGAN, UNITED STATES DISTRICT JUDGE:

Petitioner Jose Francisco Puentes has filed a pro se Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. (Doc. 1.)

**I.　Summary of Conclusion.**

Petitioner brings two claims for relief in his timely Petition. He argues the Arizona law that requires him to prove a lack of sexual intent in a child molestation case is unconstitutional. He also asserts his counsel provided ineffective assistance by failing to raise this issue. But Petitioner pleaded guilty and did not bring these claims in post-conviction review proceedings. Petitioner's claims are procedurally defaulted without excuse. Therefore, the Court will recommend that the Petition be denied and dismissed with prejudice.

## II. Background.

### a. Facts of the Crimes.

The Presentence Report includes the following summary of the underlying facts of Petitioner's crimes[1]:

> In June of 2014, the fourteen year old victim decided she wanted to move in and stay with her grandmother due to some problems at school. Her mother's boyfriend, the defendant, was upset and insisted she come home. He called her and messaged her continuously and the victim's mother, Kathryn Mathewson, became concerned. In September, while living with her grandmother, the victim disclosed several incidents of molestation between herself and the defendant from her age of ten to fourteen. When her mother found out, she moved herself and her other children out of the house and confronted the defendant. He admitted to having sexual intercourse with the victim only one or two times and insinuated that she started it and he "got weak and was unable to resist". The victim did not want the police involved and asked her mother not to say anything. The defendant continued to text and attempted to contact the victim on social media until May 2015. The defendant became aggressive and confrontational with Kathryn Mathewson and she determined the police needed to be informed and a report was made.
>
> On June 10, 2015, the victim and Kathryn Mathewson were interviewed at the Mesa Family Advocacy Center. The victim told officers she was afraid to speak about the molestation because the defendant had threatened to hurt her and her family if she disclosed anything. . . .
>
> The victim described another incident between her ages of twelve and fourteen when the defendant raped her in the shower. She described that he came into the shower and touched her vagina (count 4) and her breasts (dismissed count 5). . . . Around the same time as this incident, she described a time he assaulted her in her bedroom. She said he came in and took her clothes off and she was scared. He began touching her breasts (dismissed count 8) and her vagina (count 7) and then hit her, pushed her down and would not let her leave. …She said on one occasion, she was in the kitchen and the defendant came in and began to touch her vagina (count 12) and her breasts (dismissed count 13) over her clothing. One of her brothers came into the room and he stopped so she left.
>
> . . .
>
> Kathryn Mathewson agreed to conduct a confrontation call

---

[1] In Arizona, the factual basis for a guilty plea "may be ascertained from the record including presentence reports, preliminary hearing reports, admissions of the defendant, and from other sources." *State v. Varela*, 587 P.2d 1173, 1175 (1978).

> with the defendant. During the call, the defendant confessed to her that he had a sexual relationship with the victim when she was fourteen years old. He stated he had sex with her approximately nine times and that he did it because he thought she wanted it and she was coming on to him. He said he was sorry and that he knew it was wrong.
>
> Later on June 10, 2015, Mesa police officers went to the defendant's home to arrest him for the incident. … During a post-Miranda interview with officers, the defendant admitted to having penile to vaginal intercourse on at least six occasions. He also admitted to her mouth being on his penis more than once and to his hand touching her vagina on at least twenty occasions. He also described her feet rubbing on his penis, his mouth being on her vagina twice and two occasions where his mouth was on her breasts.

(Doc. 9-1, Ex. C, at 13-15.)[2]

### b. Plea Agreement, Change of Plea, and Sentencing.

On January 5, 2016, Petitioner pleaded guilty to two counts of Molestation of a Child (Counts 4 and 7), class 2 felonies and Dangerous Crimes Against Children; and one count of Attempted Molestation of a Child (amended Count 12), a class 3 felony and Dangerous Crime Against Children. (Doc. 9-1, Ex. B, at 7.)

On February 5, 2016, Petitioner was sentenced to 17 years for each count of Molestation of a Child (Counts 4 and 7), to run consecutively. (Doc. 9-1, Ex. D, at 22.) For Attempted Molestation of a Child (Count 12), Petitioner was sentenced to Probation. (*Id*.) The court dismissed the remaining 17 counts. (*Id*.)

### c. Post-Conviction Relief Proceedings.

On June 16, 2016, Petitioner filed a Notice of Post-Conviction Relief, claiming ineffective assistance of counsel. (Doc. 9-1, Ex. E, at 26.) On October 28, 2016, Petitioner's counsel filed a Notice of Completion of Post-Conviction Review stating that "counsel is unable to find any claims for relief to raise in post-conviction relief proceedings," and requested an extension of time for Petitioner to file a pro se Rule 32 petition. (Doc. 9-1, Ex. F, at 30.)

On October 31, 2016, the court set December 15, 2016 as the deadline for

---

[2] The full recitation of the allegations is not included here.

Petitioner to file his Rule 32 petition. (Doc. 9-1, Ex. G, at 34.) On February 28, 2017, the court dismissed the Post-Conviction Relief proceedings because "[t]he due date has passed and the [Petitioner] has not filed a petition and has not secured any additional extensions from the Court." (Doc. 9-1, Ex. H, at 36.)

### d. Habeas Petition.

On June 19, 2017, Petitioner filed a Writ of Habeas Corpus in this Court. (Doc. 1.) Petitioner raises two grounds for relief:

> In Ground One, he alleges that Arizona Revised Statute § 13-1410 is unconstitutional and improperly shifts the burden to the defendant from the prosecution. In Ground Two, Petitioner alleges that he was denied the effective assistance of counsel where counsel failed to challenge the constitutionality of § 13-1410. In support of both grounds, Petitioner refers to an order in *May v. Ryan*, No. CV 14-00409-PHX-NVW (D. Ariz. Mar. 28, 2017), in which District Judge Wake held the statute unconstitutionally shifted the burden. (*See* Doc. 1, Ex. 1.)

(Doc. 6 at 2.)

On September 8, 2017, Respondent filed a Limited Answer to the Petition. (Doc. 9.) On September 19, 2017, Petitioner filed a Reply. (Doc. 10.)

## III. The Petition.

The writ of habeas corpus affords relief to persons in custody pursuant to the judgment of a state court in violation of the Constitution, laws, or treaties of the United States. 28 U.S.C. § § 2241 (c)(3), 2254(a). Petitions for Habeas Corpus are governed by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). 28 U.S.C. § 2244. The Petition is timely.

### a. Exhaustion and Procedural Default.

Ordinarily, a federal court may not grant a petition for writ of habeas corpus unless a petitioner has exhausted available state remedies. 28 U.S.C. § 2254(b). To exhaust state remedies, a petitioner must afford the state courts the opportunity to rule upon the merits of his federal claims by "fairly presenting" them to the state's "highest" court in a procedurally appropriate manner. *Baldwin v. Reese*, 541 U.S. 27, 29 (2004)

("[t]o provide the State with the necessary 'opportunity,' the prisoner must 'fairly present' his claim in each appropriate state court . . . thereby alerting that court to the federal nature of the claim").

A claim has been fairly presented if the petitioner has described both the operative facts and the federal legal theory on which his claim is based. *See id.* at 33. A "state prisoner does not 'fairly present' a claim to a state court if that court must read beyond a petition or brief . . . that does not alert it to the presence of a federal claim in order to find material, such as a lower court opinion in the case, that does so." *Id.* at 31-32. Thus, "a petitioner fairly and fully presents a claim to the state court for purposes of satisfying the exhaustion requirement if he presents the claim: (1) to the proper forum . . . (2) through the proper vehicle, . . . and (3) by providing the proper factual and legal basis for the claim." *Insyxiengmay v. Morgan*, 403 F.3d 657, 668 (9th Cir. 2005) (internal citations omitted).

The requirement that a petitioner exhaust available state court remedies promotes comity by ensuring that the state courts have the first opportunity to address alleged violations of a state prisoner's federal rights. *See Duncan v. Walker*, 533 U.S. 167, 178 (2001); *Coleman v. Thompson*, 501 U.S. 722, 731 (1991). Principles of comity also require federal courts to respect state procedural bars to review of a habeas petitioner's claims. *See Coleman*, 501 at 731-32. Pursuant to these principles, a habeas petitioner's claims may be precluded from federal review in two situations.

First, a claim may be procedurally defaulted and barred from federal habeas corpus review when a petitioner failed to present his federal claims to the state court, but returning to state court would be "futile" because the state court's procedural rules, such as waiver or preclusion, would bar consideration of the previously unraised claims. *See Teague v. Lane*, 489 U.S. 288, 297-99 (1989); *Beaty v. Stewart*, 303 F.3d 975, 987 (9th Cir. 2002). If no state remedies are currently available, a claim is technically exhausted, but procedurally defaulted. *Coleman*, 501 U.S. at 735 n.1.

Second, a claim may be procedurally barred when a petitioner raised a claim in state court, but the state court found the claim barred on state procedural grounds. *See Beard v. Kindler*, 558 U.S. 53, 59 (2009). "[A] habeas petitioner who has failed to meet the State's procedural requirements for presenting his federal claim has deprived the state courts of an opportunity to address those claims in the first instance." *Coleman*, 501 U.S. at 731-32. In this situation, federal habeas corpus review is precluded if the state court opinion relies "on a state-law ground that is both 'independent' of the merits of the federal claim and an 'adequate' basis for the court's decision." *Harris v. Reed*, 489 U.S. 255, 260 (1989).

A procedurally defaulted claim may not be barred from federal review, however, "if the petitioner can demonstrate either (1) 'cause for the default and actual prejudice as a result of the alleged violation of federal law,' or (2) 'that failure to consider the claims will result in a fundamental miscarriage of justice.'" *Jones v. Ryan*, 691 F.3d 1093, 1101 (9th Cir. 2012) (quoting *Coleman*, 501 U.S. at 732). *See also Boyd v. Thompson*, 147 F.3d 1124, 1126-27 (9th Cir. 1998) (the cause and prejudice standard applies to *pro se* petitioners as well as to those represented by counsel). To establish "cause," a petitioner must establish that some objective factor external to the defense impeded his efforts to comply with the state's procedural rules. *Cook*, 538 F.3d at 1027 (quoting *Murray v. Carrier*, 477 U.S. 478, 488-89 (1986)). "Prejudice" is actual harm resulting from the constitutional violation or error. *Magby v. Wawrzaszek*, 741 F.2d 240, 244 (9th Cir. 1984). To establish prejudice, a petitioner must show that the alleged error "worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." *United States v. Frady*, 456 U.S. 152, 170 (1982); *Thomas v. Lewis*, 945 F.2d 1119, 1123 (9th Cir. 1996). Where a petitioner fails to establish either cause or prejudice, the court need not reach the other requirement. *See Hiivala v. Wood*, 195 F.3d 1098, 1105 n.6 (9th Cir. 1999); *Cook v. Schriro*, 538 F.3d 1000, 1028 n.13 (9th Cir. 2008).

Lastly, "[t]o qualify for the 'fundamental miscarriage of justice' exception to the procedural default rule" a petitioner "must show that a constitutional violation has 'probably resulted' in the conviction when he was 'actually innocent' of the offense." *Cook*, 538 F.3d at 1028 (quoting *Murray*, 477 U.S. at 496). *See Schlup v. Delo*, 513 U.S. 298, 329 (1995) (petitioner must make a credible showing of "actual innocence" by "persuad[ing] the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt.").

**IV. Discussion.**

### a. Grounds One and Two are Procedurally Defaulted.

Petitioner's claims are unexhausted and procedurally defaulted because he failed to file a petition in his post-conviction relief proceedings raising those claims. "Generally, a petitioner satisfies the exhaustion requirement if he properly pursues a claim (1) throughout the entire direct appellate process of the state, or (2) throughout one entire judicial postconviction process available in the state." *Casey v. Moore*, 386 F.3d 896, 916 (9th Cir. 2004) (quotation omitted). Here, Petitioner did not file a petition in his post-conviction relief proceedings, and he did not file for review with the Arizona Court of Appeals. (Doc. 1 at 4.)[3] "To exhaust one's state court remedies in Arizona, a petitioner must first raise the claim in a direct appeal or collaterally attack his conviction in a petition for post-conviction relief pursuant to Rule 32." *Roettgen v. Copeland*, 33 F.3d 36, 38 (9th Cir. 1994).

Petitioner's claims are procedurally defaulted because his claims were not properly presented and are now barred from review. *See Beaty v. Stewart*, 303 F.3d 975,

---

[3] Petitioner submits a copy of a "Special Action" to this Court (doc. 1-1 at 2), which he asserts was filed with the Arizona Supreme Court on June 9, 2017 (doc. 1 at 4). There is no evidence before the Court that the pleading was filed in the Arizona courts. Even if Petitioner filed the Special Action, his claims would still be unexhausted. *See Casey v. Moore*, 386 F.3d 896, 918 (9th Cir. 2004) ("Because we conclude that Casey raised his federal constitutional claims for the first and only time to the state's highest court on discretionary review, he did not fairly present them.").

987 (9th Cir. 2002) ("A claim is procedurally defaulted 'if the petitioner failed to exhaust state remedies and the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred.'") (quoting *Coleman*, 501 U.S. at 735 n.1).

Petitioner has procedurally defaulted his claims. Petitioner never presented these claims to the state court in post-conviction relief proceedings. Arizona Rules of Criminal Procedure regarding timeliness and preclusion prevent Petitioner from returning to state court. *See* Ariz. R. Crim. P. 32.1(d)-(h), 32.2(a) (precluding claims not raised on direct appeal or in prior post-conviction relief petitions), 32.4(a) (time bar), 32.9(c) (petition for review must be filed within 30 days of trial court's decision); *Coleman*, 501 U.S. at 735 n.1 (1991) ("[I]f the petitioner failed to exhaust state remedies and the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred . . . there is a procedural default for purposes of federal habeas.").

### b. Cause and Prejudice to Excuse Procedural Default.

Petitioner fails to excuse the procedural default by a showing of cause and prejudice. Pursuant to the "cause and prejudice" test, a petitioner must point to some cause external to the defense that prevented him from following the procedural rules of the state court and fairly presenting his claim. "A showing of cause must ordinarily turn on whether the prisoner can show that some objective factor external to the defense impeded [the prisoner's] efforts to comply with the State's procedural rule. Thus, cause is an external impediment such as government interference or reasonable unavailability of a claim's factual basis." *Robinson v. Ignacio*, 360 F.3d 1044, 1052 (9th Cir. 2004) (citations and internal quotations omitted). The following objective factors may constitute cause: (1) interference by state officials, (2) a showing that the factual or legal basis for a claim was not reasonably available, or (3) constitutionally ineffective assistance of counsel. *Id.*

In his Petition, Petitioner asserts that his trial and post-conviction relief attorneys were ineffective in not arguing that A.R.S. § 13-1410 was unconstitutional. Petitioner cites *May v. Ryan*, 245 F. Supp. 3d 1145, 1168 (D. Ariz. 2017) (finding it was not harmless error to require defendant to prove a lack of sexual intent under the facts of his child molestation trial). (Doc. 1 at 7.) In his Reply, Petitioner argues that cause for the default was external to the defense because ineffective assistance of counsel "cannot fairly be attributed to him." (Doc. 10 at 2.) But Petitioner fails to establish that his attorneys provided ineffective assistance. Ineffective assistance of counsel is measured by the test in *Strickland v. Washington*, 466 U.S. 668, 687 (1984). Counsel must have performed deficiently, and this performance must have prejudiced the defendant. *Id.* Assuming arguendo that counsel performed deficiently by failing to advise Petitioner regarding the sexual intent burden shifting, he has not demonstrated prejudice because he has not established a reasonable probability that any defense regarding sexual intent would have succeeded. Notwithstanding that Petitioner pleaded guilty, he previously confessed to the victim's mother and to police officers. The charges included numerous allegations of sexual intercourse with the victim. Because there is no evidence that Petitioner would have decided to proceed to trial on a claim of lack of sexual intent, he cannot establish prejudice arising from counsel's failure to advise him.

Regarding the fundamental miscarriage of justice exception, Petitioner fails to "establish by clear and convincing evidence that but for the constitutional error, no reasonable factfinder would have found [him] guilty of the underlying offense." 28 U.S.C. § 2254(e)(2)(B). Here, Petitioner admitted his guilt by pleading guilty. Petitioner's guilty plea would minify a claim of actual innocence. *See Chestang v. Sisto*, 522 Fed. App'x. 389, 390 (9th Cir. 2013) (finding petitioner's guilty plea "seriously undermine[d]" a claim of actual innocence). The evidence against Petitioner is also overwhelming since Petitioner confessed to the victim's mother, and to police officers in a post-*Miranda* interview. (Doc. 9-1, Ex. C, at 16.) To pass through the actual innocence/*Schlup* gateway, a petitioner must establish his or her factual innocence of the

crime and not mere legal insufficiency. "To be credible, such a claim requires petitioner to support his allegations of constitutional error with new reliable evidence–whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence." *Schlup*, 513 U.S. at 324; *see also Lee v. Lampert*, 653 F.3d 929, 945 (9th Cir. 2011). Petitioner presents no argument or evidence that he is actually innocent of the offenses.

### c. *May v. Ryan*.

Petitioner cites to *May* in support of his claims; but *May* is distinguishable. Unlike Petitioner, Mr. May litigated ineffective assistance of counsel claims in the Arizona state courts. *See May*, 245 F. Supp. 3d at 1165 ("May raised his claim of ineffective assistance of counsel at the proper time in his post-conviction proceeding and exhausted it in the state courts."). Here, Petitioner's claims are procedurally defaulted without excuse.

## CONCLUSION

The record is sufficiently developed and the Court does not find that an evidentiary hearing is necessary for resolution of this matter. *See Rhoades v. Henry*, 638 F.3d 1027, 1041 (9th Cir. 2011). Based on the above analysis, the Court finds that Petitioner's claims are timely, but procedurally defaulted. The Court will therefore recommend that the Petition for Writ of Habeas Corpus (doc. 1) be denied and dismissed with prejudice.

**IT IS THEREFORE RECOMMENDED** that the Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (doc. 1) be **DENIED** and **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER RECOMMENDED** that a Certificate of Appealability and leave to proceed in forma pauperis on appeal be **DENIED** because the dismissal of the Petition is justified by a plain procedural bar and reasonable jurists would not find the ruling debatable, and because Petitioner has not made a substantial showing of the denial of a constitutional right.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of

Appellate Procedure, should not be filed until entry of the district court's judgment. The parties shall have 14 days from the date of service of a copy of this Report and Recommendation within which to file specific written objections with the Court. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(b) and 72. Thereafter, the parties have 14 days within which to file a response to the objections.

Failure to timely file objections to the Magistrate Judge's Report and Recommendation may result in the acceptance of the Report and Recommendation by the district court without further review. *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003). Failure to timely file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right to appellate review of the findings of fact in an order of judgment entered pursuant to the Magistrate Judge's Report and Recommendation. *See* Fed. R. Civ. P. 72.

Dated this 14th day of February, 2018.

Honorable John Z. Boyle
United States Magistrate Judge