IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jose Francisco Puentes,<br><br>    Petitioner,<br><br>v.<br><br>Charles L. Ryan, et al.,<br><br>    Respondents. | No. CV-17-01895-PHX-SPL<br><br>**ORDER** |

The Court has before it Petitioner's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. 1). The Court has also received Respondents' Limited Answer (Doc. 9), and Petitioner's Response to the Limited Answer (Doc. 10). We also have before us the Report and Recommendation (R&R) of United States Magistrate Judge John Z. Boyle (Doc. 11), Petitioner's Objections (Doc. 12), and the Response to the Petitioner's Objections (Doc. 13).

Petitioner argues in Ground One that "Arizona Revised Statute (ARS) 13-1410 is unconstitutional and improperly shifts the burden to the defendant from the prosecution." (Doc. 1 at 6 and Ex. 1 at 2-8) In Ground Two, Petitioner argues he was "denied effective assistance of counsel where counsel failed to challenge the constitutionality of ARS 13-1410." (*Id.* at 7) Respondents argue the petition must be dismissed with prejudice (Doc. 9 at 6-16). Judge Boyle concluded the Petitioner's claims are procedurally defaulted without excuse (Doc. 11 at 2-11).

A district judge "may accept, reject, or modify, in whole or in part, the findings or

recommendations made by the magistrate judge." 28 U.S.C. § 636(b). When a party files a timely objection to an R&R, the district judge reviews *de novo* those portions of the R&R that have been "properly objected to." Fed. R. Civ. P. 72(b). A proper objection requires specific written objections to the findings and recommendations in the R&R. *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003); 28 U.S.C. § 636(b)(1). It follows that the Court need not conduct any review of portions to which no specific objection has been made. *See Reyna-Tapia*, 328 F.3d at 1121; *see also Thomas v. Arn*, 474 U.S. 140, 149 (1985) (discussing the inherent purpose of limited review is judicial economy). Further, a party is not entitled as of right to *de novo* review of evidence or arguments which are raised for the first time in an objection to the R&R, and the Court's decision to consider them is discretionary. *United States v. Howell*, 231 F.3d 615, 621-622 (9th Cir. 2000).

Petitioner has presented the same arguments that he initially made in his Petition for Writ of Habeas Corpus. (Doc. 12.) This Court has, nonetheless, undertaken an extensive review of the sufficiently developed record and the objections to the findings and recommendations in the very detailed R&R, without the need for an evidentiary hearing or appointing counsel for the Petitioner. After conducting a *de novo* review of the issues and objections, the Court reaches the same conclusions reached by Judge Boyle. Specifically, the Court finds the Petitioner claims are procedurally defaulted.

Having carefully reviewed the record, the Petitioner has not shown that he is entitled to habeas relief. The R&R will be adopted in full. Accordingly,

**IT IS ORDERED:**

1. That the Magistrate Judge's Report and Recommendation (Doc. 11) is **accepted** and **adopted** by the Court;

2. That the Petitioner's Objections (Doc. 12) are **overruled**;

3. That the Petition for Writ of Habeas Corpus (Doc. 1) is **denied** and this action is **dismissed with prejudice**;

4. That a Certificate of Appealability and leave to proceed *in forma pauperis*

on appeal are **denied** because the dismissal of the Petition is justified by a plain procedural bar and reasonable jurists would not find the ruling debatable; and

    5.    That the Clerk of Court shall **terminate** this action.

Dated this 18th day of April, 2018

                                            Honorable Steven P. Logan
                                            United States District Judge